**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:08CV-54-M**

**TIMMY MCDONALD**                                                                                     **PETITIONER**

**v.**

**UNITED STATES** *et al.*                                                                             **RESPONDENTS**

**MEMORANDUM OPINION**

On February 22, 2008, the Court received a document from Petitioner Timmy McDonald entitled "Motion 60(B)(3)(4) Federal Rules of Civil Procedure," which was opened as a miscellaneous action. The motion was styled "Ex Parte Timmy McDonald, propria, sui juris vs. United States of America, Attorney General of the United States U.S. Department of Justice, Solicitor General of the United States Department of Justice, Federal Bureau of Prisons, Office of the Solicitor General of the United States Department of Justice, Director United States Department of Justice, Federal Bureau of Prisons, Federal Correctional Institution Gilmer, and  Warden of Federal Correction Institution Gilmer." In the opening paragraph, Petitioner stated:  "Comes now, the Petitioner in the present cause of action by motion moves for relief pursuant to Rule 60(b)(3), fraud upon the court and 60(b)(4) void judgment." A review of the "motion" revealed that Petitioner is apparently seeking to challenge his federal conviction in this Court and have that judgment declared "void." Three "motions" accompanied this filing: 1) motion to expedite; 2) motion for change of venue; and 3) motion for ex parte proceedings. None of the documents filed by Petitioner contained a case number or matched the style of any action currently pending in this Court. Accordingly, the Court ordered Petitioner to notify the Court whether he intended to commence a new civil action or whether the documents should be filed in one of his existing cases.

Petitioner responded to the Court's Order as follows: "Plaintiff seeks New Civil Action.  For

fraud upon the Court, and moves for relief pursuant to Rule 60(B)(3), 60(B)(4)." Petitioner included a motion to proceed *in forma pauperis* with his response. Petitioner also included an errata sheet requesting the Clerk of Court to make certain changes to the motions he previously filed with the Court.

Based on Petitioner's response, the Court directed the Clerk of Court to close the miscellaneous action and open a new civil action. However, because the Court was still uncertain under what basis Petitioner was seeking relief, the Court directed the Clerk of Court to mail Petitioner a form for filing a civil action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents,* a general complaint form, and a form for filing a motion under 28 U.S.C. § 2255. Within 30 days of the entry of the Court's Order, Petitioner was ordered to file an amended complaint using one of the forms provided by the Court. Petitioner filed an amended complaint within the prescribed time period. However, he did not use the Court's forms. Moreover, the amended complaint virtually mirrored the previous complaint.

Like his prior pleadings, Petitioner's amended complaint states that "this civil action is authorized pursuant to Federal Rules of Civil Procedure 60(b)(3)(4) for fraud upon the court and void judgments that assaults the integrity of the judicial process which defiles the Court itself." The fraudulent activity Petitioner refers to allegedly occurred in his criminal action and the relief he seeks is primarily to have his judgment of conviction declared void. The Court has repeatedly informed Petitioner that he cannot employ the Federal Rules of Civil Procedure to attack his criminal conviction. His only recourse is either through direct appeal or a motion pursuant to 28 U.S.C. § 2255. The Court has given Petitioner numerous opportunities to correct his filings. He refuses, however, to follow even a simple order directing him to use a Court-supplied form and persists in trying to attack his criminal judgment by way of the Federal Rules of Civil Procedure. Petitioner's

refusal prevents the Court from even ascertaining what filing fee, if any, is appropriate.

A district court has authority to dismiss a complaint under Fed. R. Civ. P. 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999). The Court concludes that dismissal is warranted in this case. Petitioner cannot attack his criminal conviction by way of Federal Rule of Civil Procedure 60(b), and for whatever reason he apparently does not wish to pursue relief pursuant to 28 U.S.C. § 2255 at this time. The relief that Petitioner seeks by way of Federal Rule of Civil Procedure 60 is "totally implausible" making dismissal appropriate.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date:

cc:     Petitioner, *pro se*

4414.008

3